IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
(Western Division)

| | |
|---|---|
| SCARBROUGH INTERNATIONAL, LTD <br> SCARBROUGH WAREHOUSING, INC <br> SCARBROUGH TRANSPORTATION, LLC <br><br> 10841 N Ambassador Dr., <br> Kansas City, MO 64153, <br><br> Plaintiffs, <br> v. <br><br> BROWNTROUT PUBLISHERS, INC. <br> 201 Continental Blvd, Suite 200 <br> El Segundo, CA 90245, <br><br> Serve: William M. Brown <br> 201 Continental Blvd, Suite 200 <br> El Segundo, CA 90245 <br><br> Defendant. | Judge _____ <br><br> Case No. 5:21-6001 |

## COMPLAINT

COMES NOW Plaintiffs Scarbrough International, Ltd., Scarbrough Warehousing, Inc., and Scarbrough Transportation, LLC (collectively hereafter "Scarbrough"), by and through their undersigned counsel, for their Complaint against Defendant BrownTrout Publishers, Inc. ("BrownTrout"). Scarbrough states as follows:

## PARTIES

1. Plaintiffs Scarbrough are Missouri companies that maintain their principal place of business in Kansas City, Missouri. Scarbrough's members are all citizens of the State of Missouri.

2. Defendant BrownTrout is a California limited liability company. On information and belief, it maintains its principal place of business in California. Also on information and belief, none of BrownTrout's members are citizens of the State of Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). The amount in dispute is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b).

5. This Court has personal jurisdiction over BrownTrout, because through its business transactions with Scarbrough, it has significant contacts with the State of Missouri.

6. This Court further has jurisdiction over BrownTrout, and venue is proper in this Court, by virtue of the forum selection/venue provision in the agreed upon Terms and Conditions of Service, which provides that the parties "[i]rrevocably consent to the jurisdiction of the United States District Court and the State courts of Missouri. . .[c]onsent to the exercise of in personam jurisdiction by said courts over it" *See* **Exhibit A**, Terms and Conditions, ¶ 22.

## BACKGROUND

7. In 2019, Scarbrough and BrownTrout agreed to a verbal contract for Scarbrough's shipping and logistics services.

8. As part of this contract, BrownTrout agreed to abide by Scarbrough's Terms and Conditions of Service, including the generation of a series of invoices and Statement of Account to BrownTrout for their services and the scope of costs related to Scarbrough's work.

9. Pursuant to those Terms and Conditions of Service, from October 2019 to August 2020, Scarbrough provided the agreed upon shipping and logistical services to BrownTrout where Scarbrough would ship BrownTrout's goods throughout the world.

10. Payment for Scarbrough's services was owed immediately upon BrownTrout's receipt of an invoice.

11. BrownTrout made a payment on a portion the balance due to Scarbrough as late as April 2020.

12. Scarbrough issued their largest invoice to BrownTrout in October 2019, with only a portion of that invoice paid by BrownTrout.

13. BrownTrout never submitted any objections to Scarbrough's work and invoice totals until May 6, 2020 months after the remaining payments were due.

14. After BrownTrout raised a question about the invoices, they received timely answers from Scarbrough regarding the balance due and Scarbrough provided BrownTrout a credit in good faith for portions of the invoice, even continuing to provide services for BrownTrout after answering these questions and without additional payment.

15. BrownTrout made another partial payment for its outstanding balance on May 7, 2020, after it raised it question regarding the invoices.

16. Scarbrough repeatedly contacted BrownTrout regarding the balance due, asking for updates from BrownTrout without response.

17. BrownTrout still has not paid Scarbrough the adjusted balance due and continues to store its property at Scarbrough's facilities at the additional cost of $1,605 per month.

18. Under the agreed upon Terms and Conditions of Service, Scarborough is entitled to all costs of collection, including reasonable attorneys' fees and interest at 15% per annum or the highest rate allowed by law. *Id*. at ¶13.

19. BrownTrout's outstanding balance due is presently $186,914.60, excluding interest and attorneys' fees.

## **COUNT I – BREACH OF CONTRACT**

20. Scarborough restates and incorporates by reference all of the above allegations of this Complaint as are fully set forth herein.

21. Scarbrough and BrownTrout entered into a contract for Scarbrough to provide shipping and logistical services to BrownTrout.

22. BrownTrout agreed to certain payment terms based on Scarbrough's Terms and Conditions of Service and BrownTrout made multiple payments to Scarbrough pursuant to those terms.

23. At all times under the contract, Scarbrough performed their shipping and logistics services according to the Terms and Condition of Service.

24. BrownTrout has failed to pay Scarbrough for their services. The breach of the contract has damaged Scarbrough and BrownTrout owes Plaintiff Scarbrough $186,914.60 based on the terms of their agreement.

WHEREFORE, Scarbrough prays for a judgment against BrownTrout for damages in the sum of $186,914.60, for their reasonable attorneys' fees, interest at 15% per annum or the highest rate allowed by law, plus such additional damages as Scarbrough may incur in the prosecution of this action, and such additional relief as this Court deems just and appropriate in the circumstances.

## COUNT II – QUANTUM MERUIT

25. Scarbrough restates and incorporates by reference all of the above allegations of this Complaint as are fully set forth herein.

26. Scarbrough furnished labor and services to BrownTrout as part of their shipping and logistical services.

27. BrownTrout was aware of the work performed by Scarbrough, and acknowledged and accepted the work performed by Scarbrough.

28. Scarbrough performed the work under such circumstances that would render it unjust for BrownTrout to retain the benefit of said work without paying for the same.

29. Accordingly, BrownTrout is liable to Scarbrough for the value of the work performed.

WHEREFORE, Scarbrough respectfully requests that this Court enter judgment on Count II of this Complaint against BrownTrout awarding Scarbrough: (a) damages in such amount proven at trial; (b) interest at 15% per annum or the highest rate allowed by law; (c) attorneys' fees and costs to the extent allowed by the parties' Terms and Conditions of Service; and, (d) such other and further relief as the Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

30. Scarbrough restates and incorporates by reference all of the above allegations of this Complaint as are fully set forth herein.

31. Scarbrough provided BrownTrout with $186,914.60 of shipping and logistics services accepted by BrownTrout.

32. BrownTrout failed to make payment for those shipping and logistics services.

33. By receiving the benefit of Scarbrough's shipping and logistics services, BrownTrout has unjustly retained a benefit to Scarbrough's detriment, and BrownTrout's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

34. Plaintiff has incurred attorneys' fees and will incur additional attorneys' fees in amounts unknown in the collection of the payment due.

WHEREFORE, Scarbrough prays for a judgment against the Defendant for damages in the sum of $186,914.60, for their attorneys' fees and costs, plus such additional damages as Scarbrough may incur in the prosecution of this action, and such additional relief as this Court deems just and appropriate in the circumstances.

Date: January 5, 2021

        **SPENCER FANE LLP**

        By: */s/ Bryant Lamer*
        Bryant Lamer #57355
        Duvel Pierre #63162
        1000 Walnut St., Suite 1400
        Kansas City, MO 64106
        (816) 292-8296 (Telephone)
        (816) 474-3216 (Facsimile)
        blamer@spencerfane.com
        djpierre@spencerfane.com

        *Attorneys for Plaintiffs*

- 6 -

Case 5:21-cv-06001-DGK   Document 1   Filed 01/05/21   Page 6 of 6